UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AMANDA BETHANY SMITH,

        Plaintiff,

  v.                                      Case No. 05-C-1246

TRISHA STRATMAN and
SCOTT BUTLER,

        Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Amanda Bethany Smith, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that her civil rights were violated. Plaintiff is currently incarcerated at Taycheedah Correctional Institution.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $250.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed in forma pauperis in order to pay the fee over time. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of her prison trust account statement for the six-month period immediately preceding the filing of his complaint. She also filed the required affidavit of indigence. Further, after having been granted a 30-day extension to do so, she has been assessed and has paid an initial partial filing fee of $2.23. Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed in forma pauperis therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421

(1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff alleges that Defendants Trisha Stratman and Scott Butler assaulted her after she refused to comply with an order to go to her cell. Plaintiff admits that she hit a correctional officer during the altercation as well. Plaintiff pled no contest to one count of resisting an officer, contrary to Wis. Stat. § 946.41(1), on April 13, 2005. She received a sixty-day concurrent sentence. Petitioner now states that she "want[s] the courts to appeal [her] case." (Compl. at 7.)

It is well established that the sole federal remedy for one who challenges the fact or duration of her confinement by the state and seeks a determination that he is entitled to immediate or speedier release is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff may not use a civil rights action under § 1983 to challenge her sentence for resisting an officer or to appeal a state conviction. If plaintiff were seeking other relief, such as money damages for her injuries, her claim might survive. *See Brengettcy v. Horton*, 423 F.3d 674 (7th Cir. 2005). But the only relief set forth in her complaint is "I want the courts to appeal my case." No such relief is available under § 1983. Because plaintiff has failed to set forth cognizable constitutional or federal claims, the case will be dismissed.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED.**

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $230.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting her appeal.

Dated this  16th  day of February, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge